1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tami Ayala, mother of Dustin Shamblin, Deceased, | No. CV-07-8105-PCT-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Mohave County, Arizona, an Airzona Political Subdivision; Tom Sheahan in his capacity as Mohave County Sheriff; Mohave County Sheriff's Office, a separate Political Entity; Deputy Hartmann and Jane Doe Hartmann, individually and as husband and wife; Sergeant John Wilson and Jane Doe Wilson, individually and as husband as wife, | |
| Defendants. | |

Before the court is Defendants Hartmann and Wilson's (collectively "the Officers") Motion for Stay of Proceedings. (Doc. # 91.) On November 7, 2008 the court entered an order denying the Officers summary judgment motion, which was based on qualified immunity. They have filed an interlocutory appeal of that order and now move to stay trial. "As a general rule, interlocutory appeals from determinations of qualified immunity are permissible." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1059 (9th Cir. 2006). Filing of an interlocutory appeal "divests the district court of jurisdiction to proceed with trial" unless "the district court find[s] that the defendants' claim of qualified

immunity is frivolous or has been waived." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). A qualified immunity claim is frivolous if the claim is "so baseless that it does not invoke appellate jurisdiction[,]" *Marks v. Clarke*, 102 F.3d 1012, 1017–18 n.8 (9th Cir. 1997) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)), or in other words, where the court's order "is so plainly correct that nothing can be said on the other side," *Apostol*, 870 F.2d at 1339.

In reviewing this court's determination, the court of appeals will evaluate "whether the State employees violated clearly established law based on undisputed facts," but it will "not consider questions of 'evidence sufficiency,' i.e., which facts a party may, or may not, be able to prove at trial." *CarePartners LLC v. Lashway*, 545 F.3d 867, 875 (9th Cir. 2008); *see also KRL v. Estate of Moore*, 512 F.3d 1184, 1188–89 (9th Cir. 2008) ("Our jurisdiction . . . does not extend to qualified immunity claims involving disputed issues of material fact. Where disputed facts exist, we assume that the version of the material facts asserted by Plaintiffs, as the non-moving party, is correct." (citation omitted)). In this case, the court found that the Officer's level of awareness of Shamblin's drunkenness was a disputed question of fact to be resolved by the jury in light of circumstantial evidence and the credibility of witnesses. Assuming the version of the facts asserted by Plaintiff Ayala, the Officers knew that Shamblin was drunk when they left him to walk several miles in complete darkness along the shoulder of a highway.

The court has already explained why the cases relied upon by the Officers, which are primarily from the Court of Appeals for the Sixth Circuit, are unpersuasive when the facts of this case are analyzed in the light most favorable to Ayala. *Cartwright v. City of Marine City*, 336 F.3d 487 (6th Cir. 2003); *Foy v. City of Berea*, 58 F.3d 227 (6th Cir. 1995). Rather, viewing the facts in the light most favorable to Ayala, this case is similar to precedent from our circuit and other circuits where qualified immunity was denied. *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082 (9th Cir. 2000); *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989); *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996); *White v. Rochford*, 592 F.2d 381, 384–85 (7th Cir. 1979). However, the Officers'

1  argument is not so plainly incorrect that it can be deemed frivolous.  Trial will therefore
2  be stayed pending the Officers' appeal of their qualified immunity claim.
3       IT IS THEREFORE ORDERED that Defendants Hartmann and Wilson's Motion
4  for Stay of Proceedings (doc. # 91) is granted.
5       DATED this 19th day of December, 2008.

_____
Neil V. Wake
United States District Judge